IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| T.J. HAGWOOD, ID # 1709960, | ) | |
|        Plaintiff, | ) | |
| vs. | ) | No. 3:18-CV-0137-G-BH |
| | ) | |
| THE SALVATION ARMY, | ) | |
|        Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Based on the relevant filings and applicable law, the complaint should be **DISMISSED**.

## I. BACKGROUND

T.J. Hagwood (Plaintiff), currently an inmate in the Dallas County Jail, brings this action under 42 U.S.C. § 1983 against the Salvation Army (Defendant), which operates a halfway house where he had been ordered to stay as a result of a criminal case. (doc. 3 at 4.) He contends that on the morning of February 8, 2017, he went to the restroom on the second floor. (*Id.*) The floor was wet, and he slipped and fell and hit his head. (*Id.*) His injury required a visit to the emergency room, where he received five stitches for a cut over his right eye. (*Id.*) He seeks compensation for his pain and suffering. (*Id.*) No process has been issued.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A, known as the Prison

Litigation Reform Act (PLRA).[1] *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III.  SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983.  That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation

---

[1] Section 1915(h) provides, "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *See Jackson v. Johnson*, 475 F.3d 261, 265-67 (5th Cir. 2007) (person released on parole and placed in a halfway house was a prisoner under the PLRA).  Because he was ordered to live at the Salvation Army due to a criminal case, Plaintiff was a prisoner at the time that his claims accrued.

2

occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.    Respondeat Superior**

Because they are performing a government function, private corporations that contract with the state to house state prisoners and their employees may be sued under § 1983. *See Rosborough v. Management & Training Corp.*, 350 F.3d 459, 461 (5th Cir.2003) (holding that private prison-management corporations and their employees are state actors under § 1983); *White v. Soto*, No. 3:12-CV-372-M-BH, 2012 WL 1969658, at *1 (N.D.Tex. Apr. 20, 2012) (addressing the merits of a § 1983 suit filed by a state prisoner against an employee of a halfway house); *McKinney v. Hallman*, No. 4:09-CV-151-Y, 2009 WL 1574577, *2 (N.D.Tex. June 4, 2009) (same); *Clerkley v. Correctional Services Corp.*, No. 4:05-CV199Y, 2005 WL 1025785 (N.D.Tex. Apr. 29, 2005) (same).

"'The test to determine liability for a private prison-management corporation under § 1983 is more or less identical to the test employed to determine municipal or local government liability.'" *Burleson v. Medical Provider at LaSalle Southwest Corrections*, No. 3:16-CV-2534-B, 2017 WL 3053072, at *2 (N.D.Tex. June 19, 2017), quoting *Carter v. LaSalle Southwest Corrections*, No. 3:15-CV-2072, 2015 WL 6442751, at *2 (W.D. La. Sept. 28, 2015). Plaintiffs must allege "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). The official policy requirement means that municipal liability under § 1983 is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986). Section 1983 does not allow a municipality to be held vicariously liable for its employees' actions on a

3

theory of respondeat superior. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978). Likewise, "a private corporation cannot be deemed vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Carter*, 2015 WL 6442751, at *2.

Here, Plaintiff appears to sue Defendant based on the actions of its personnel. He fails to state a claim under the theory of respondeat superior.[2] As discussed below, he has also fails to sufficiently allege a violation of a constitutional right.

**B.     Constitutional Violation**

"Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of [state] tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (stating that "[r]espondents' lack of due care . . . simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent"). Even if Defendant's alleged negligence caused an unintended injury, Plaintiff has not stated a violation of his constitutional rights. *See Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635 (5th Cir. 1999) (holding that negligence by state officials does not constitute a due process violation under the Fourteenth Amendment); *Quine v. Livingston*, 2006 WL 1662920, *1 (S.D. Tex. June 12, 2006) (finding that prisoner's claim that officers' failure to place "wet floor" signs around ice

---

[2] Plaintiff has also not alleged that there was any official policy or custom of any type or that any alleged policy deprived him of any right protected by federal law or the United States Constitution. He has alleged no facts that the any alleged policy was a moving force behind Defendant's conduct, or that it was adopted or maintained with deliberate indifference to known or obvious consequences. He only alleges that he was harmed as a result of negligence.

machine resulted in his falling and breaking his ankle was a "garden-variety" negligence claim that did not present an issue of constitutional dimension). Plaintiff's allegations are insufficient to impose liability under § 1983. *See Brumfield v. Hollins*, 551 F.3d 322, 333 (5th Cir. 2008); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Because his claim of negligence is not actionable under § 1983, it should be dismissed for failure to state a claim.

## IV. STATE LAW

Even if Plaintiff's complaint is liberally construed as asserting a claim of negligence under state law rather than § 1983, it is still subject to dismissal.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction". *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for jurisdiction" and may *sua sponte* raise the issue at any time. *See MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). The party seeking the federal forum has the burden of establishing federal jurisdiction. *Howery*, 243 F.3d at 916. Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

Federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). "Complete diversity" means that a

plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). As the party seeking to invoke federal jurisdiction in this case, Plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

Plaintiff has not met his burden to show that complete diversity exists between the parties because he has not alleged that the parties are citizens of different states, or that the matter in controversy exceeds $75,000. Any state law negligence claim should be dismissed for lack of subject-matter jurisdiction.

## V.  RECOMMENDATION

Plaintiff's § 1983 claim should be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3] To the extent that Plaintiff's complaint may be liberally construed as solely asserting a negligence claim under state law, his complaint should be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

---

[3] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED this 27th day of April, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE